MCVEY & PARSKY, LLC
Michael N. Giacopelli ID# 01352008
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ, 07928
Tel: (973) 520-4340
*Attorneys for Defendant Home Depot U.S.A., Inc. i/s/a HOME DEPOT*

| | |
|---|---|
| HIGHPOINT PREFFERED INSURANCE CO. individually as a/s/o J. GORDON MILNES and AMY MILNES, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff(s), | |
| v. | **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY** |
| HOME DEPOT, JOHN DOEs 1-10 (fictious names) and/or; ABC COMPANY 1-10 (fictitious names), | |
| Defendant(s). | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that Defendants HOME DEPOT U.S.A., INC. i/s/h/a HOME DEPOT ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Superior Court of the State of New Jersey, County of Monmouth, to the United States District Court, District Court of New Jersey in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

1. This action was commenced against HOME DEPOT, JOHN DOES 1-10, and/or ABC COMPANY 1-10., in the Superior Court of the State of New Jersey, County of Monmouth, with the Docket Number MON-L-000108-21 and was electronically filed January 11, 2021.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

3. In its Complaint, Plaintiff alleges property damage from an incident which occurred on August 7, 2020 at 97 Stavola Road, New Jersey, when a 6,250-watt portable gas-fired generator failed due to an alleged defect and/or failure to warn, causing fire damage to occur at plaintiff's subrogee's residence. **Exhibit "A"**.

4. On January 19, 2021 Home Depot was served and the Affidavit of Service was filed on January 25, 2019. **Exhibit "B".**

## DIVERSITY JURISDICTION IS PROPER

5. No further proceedings have been had in the Superior Court of the State of New Jersey, Monmouth County, as of the date of the filing of this Petition for Removal.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant.

## DIVERSITY EXISTS

7. This firm represents Defendant HOME DEPOT U.S.A., INC. in this action.

8. At the time that this action was filed, Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

9. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant is not a citizen of the State of New Jersey.

10. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New Jersey with a residence in the County of Monmouth **Exhibit "A"**.

11. The "John Does 1-10" and "ABC Corporation 1-10" defendants do not affect diversity under 28 U.S.C. §1441, which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. §1332(a)], *the citizenship of defendants sued under fictitious names shall be disregarded."* 28 U.S.C. § 1441(b)(1) (Emphasis added). "[T]here is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall be disregarded." *Brooks v. Purcell,* 57 Fed. Appx. 47, 50 (3d Cir. 2002); see also *Gilbert v. Stepan Co.*, F. Supp. 2d 325, 330 (D.N.J. 1998).

12. There is complete diversity of citizenship between the parties to this action.

13. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs.  Plaintiff alleges in the Verified Complaint that on August 7, 2020 a Briggs & Stratton 6,250-watt portable gas-fired generator failed due to an alleged defect causing fire damage to plaintiff's subrogees residence which "required extensive repair, was destroyed, was depreciated in value and plaintiff's subrogees lost the use of said property." See **Exhibit "A"** paragraphs 8 and 9 of the First Count.

15. On December 29, 2020, Plaintiff advised that Plymoth Rock has paid and has pending $855,000 in this subrogation action. **Exhibit "C".**

16. Defendants submits that the (1) Allegations in the Complaint, (2) Plaintiff's demand made on December 29, 2020, and confirmed on January 25, 2021 proves to a "reasonable probability" that the claim is in excess of [$75,000]. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

17. Defendants reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

18. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

19. Defendant was served on January 19, 2021 and received confirmation that the claimed value reasonable exceeds $75,000 on January 25, 2021 by way of telephone. The petition is filed within 30 days of service and within one year of the filing of the initial pleadings. Removal is timely.

## NOTICE

20. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of the State of New Jersey, County of Monmouth.

## VENUE IS PROPER

21. The United States District Court for the DISTRICT OF NEW JERESEY includes the county in which the state court action was pending (Monmouth County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

22. Defendant reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

23. Defendant reserves the right to amend or supplement this Petition for Removal.

24. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Superior Court of the State of New Jersey, County of Monmouth, Docket No. MON-L-000108-21 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, District of New Jersey. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., i/s/h/a prays that this cause of action now pending in the Superior Court of the State of New Jersey, Monmouth County, be removed to the United States District Court, District of New Jersey.

Dated: New York, New York
      February 18, 2021

                MCVEY & PARSKY, LLC

By: *Michael Giacopelli*
_____
Michael N. Giacopelli
*Attorney for Defendant*
*HOME DEPOT U.S.A., INC. i/a/h/a*
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ 07928
973-520-4340

TO:

Michael Riehl, Esq.
LAW OFFICE OF MICHAEL RIEHL, INC.
58 West Main Street
Freehold, New Jersey 07728
732-462-9700