Michael Riehl, Esq. #030881994
18632-Mk
*LAW OFFICE OF MICHAEL RIEHL, INC.*
58 West Main Street
Freehold, New Jersey 07728
(732) 462-9700
michaelriehl@riehlattorney.com
ATTORNEYS FOR Plaintiff

| | |
|---|---|
| *Plaintiff(s),* <br><br> HIGH POINT PREFERRED INSURANCE CO. individually and a/s/o J. GORDON MILNES and AMY MILNES <br><br> vs. <br> *Defendant(s),* <br><br> HOME DEPOT, <br> JOHN DOES 1-10 (fictitious names) and/or <br> ABC COMPANY 1-10 (fictitious names) | *SUPERIOR COURT OF NEW JERSEY* <br><br> *LAW DIVISION: MONMOUTH COUNTY* <br><br> *DOCKET NO. MON-L-* <br><br><br> *Civil Action* <br><br><br><br> *COMPLAINT* <br> *JURY DEMAND and* <br> *DESIGNATION OF TRIAL COUNSEL* |

Plaintiff, High Point Preferred Insurance Company, doing business at PO Box 920, Lincroft, New Jersey, by way of Complaint against the defendant, says:

### FIRST COUNT

1. At all relevant times hereinafter mentioned, plaintiff, High Point Preferred Insurance Company, provided property damage insurance benefits to its insured and subrogees, J. Gordon Milnes and Amy Milnes, under a homeowner's insurance policy.

2. At all relevant times hereinafter mentioned, plaintiff's subrogees, J. Gordon Milnes and Amy Milnes, were the owners of real and personal property located at 97 Stavola Road, Middletown, New Jersey.

3. Defendant, Home Depot, is a duly organized corporation existing by virtue of the laws of a state other than the State of New Jersey, with its principal place of business outside the State of New Jersey.

4. At all times relevant hereinafter mentioned, defendants, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names) were and still are, corporations duly authorized to do business in the State of New Jersey.

5. On or before August 7, 2020, defendants, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names) through their agents, servants, or employees marketed, advertised, distributed, supplied and/or sold a Briggs & Stratton 6,250 watt portable gas-fired generator, or its component parts to plaintiff's subrogees.

6. The subject Briggs & Stratton 6,250 watt portable gas-fired generator was marketed, advertised, distributed, supplied and/or sold in a negligent and/or defective manner and was placed into the stream of commerce by defendants, HOME DEPOT, JOHN DOES 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names), in a defective condition and/or with defective components. As such defendants are strictly liable.

7. Defendants knew or should have known about the potential damage of the use or misuse of the product and failed to adequately warn of said potential dangers.

8. On or about August 7, 2020, the subject Briggs & Stratton 6,250 watt portable gas-fired generator failed due to the aforesaid defect and/or failure to warn, causing fire damage to occur at plaintiff's subrogee's residence located at 97 Stavola Road, Middletown, New Jersey.

9. As a direct and proximate result of the aforesaid defect and/or negligence and/or failure to warn, plaintiff's subrogee's real and/or personal property sustained damage, required extensive repair or was destroyed, was depreciated in value and plaintiff's subrogees lost the use of said property.

WHEREFORE, plaintiff demands judgment against the defendants for damages, along with interest, costs, attorney's fees, and other such relief as may be deemed proper.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as if fully set forth at length herein.

2. Defendants, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names) warranted and represented, expressly and impliedly, that the Briggs & Stratton 6,250 watt portable gas-fired generator was safe, fit, capable and proper for the purposes for which it was intended to be used.

3. Plaintiff's subrogees, J. Gordon Milnes and Amy Milnes, relied upon the skill, judgment, warnings, representations and warranties of the defendant, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names).

4. Said representations aforementioned were false, misleading, insufficient and inaccurate in that the Briggs & Stratton 6,250 watt portable gas-fired generator was unsuitable and unfit for its intended purposes and was unsafe and dangerous.

5. The warnings on the product were inadequate and/or non-existent.

6. On or about August 7, 2020, the subject Briggs & Stratton 6,250 watt portable gas-fired generator failed due to the aforesaid defect and/or failure to warn, causing fire damage to occur at plaintiff's subrogee's residence located at 97 Stavola Road, Middletown, New Jersey.

WHEREFORE, plaintiff demands judgment against the defendants for damages, along with interest, costs, attorney's fees, and other such relief as may be deemed proper.

## THIRD COUNT

1. The allegations of the First and Second Counts are repeated and incorporated herein as if fully set forth at length herein.

2. Defendants, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names), were in breach of implied warranties.

3. At the time of the occurrence, the product was being used for its intended and foreseeable purposes.

4. Defendant, Home Depot, John Does 1-10 (fictitious names) and/or ABC Company 1-10 (fictitious names), are strictly liable in tort to the plaintiffs for the sale and distribution of a defective product which caused the damages to the plaintiff's subrogee's property and for the failure to warn of potentially damage in the use or misuse of the product.

WHEREFORE, plaintiff demands judgment against the defendants for damages, along with interest, costs, attorney's fees, and other such relief as may be deemed proper.

## JURY DEMAND

This plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of rule 4:25-4, the Court is advised that the Michael Riehl, Esq., attorney is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies the accuracy of the following:

1. I am an attorney-at-law of the State of New Jersey, counsel for the Plaintiff in the subject litigation.

2. The matter in controversy in this case is not, to the best of my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any action or arbitration contemplated.

3. I am not aware of any other parties who should be joined in this action at the present time.

4. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF MICHAEL RIEHL, INC.

By: _____
MICHAEL RIEHL, ESQ.
Attorneys for Plaintiff

Dated: January 11, 2021

## DEMAND FOR INSURANCE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR ANSWERS TO PROPERTY DAMAGE INTERROGATORIES

Please take notice that Plaintiffs hereby demand that the Defendants answer the enclosed Property Damage Interrogatories, within the time prescribed by the Rules of Court.

## NOTICE TO PRODUCE

Plaintiff hereby demands that the Defendants produce the following documents at the Law Offices of Michael Riehl, Inc., 58 West Main Street, Freehold, New Jersey, 07728, in accordance with Rule 4:18-1, within the time limits prescribed by the Rules of Court.

1. Any and all incident reports, police reports.

2. Any and all expert reports.

3. Any and all investigation reports.

4. Any and all witness statements.

5. Any party's statement.

6. Any and all photographs you may rely upon at the time of trial.

7. Any and all videotapes of the subject matter.

8. Any and all audiotapes of the subject matter.

9. Any and all insurance policies and/or declaration page of the Defendants.

## **PROPERTY DAMAGE INTERROGATORIES**

1. Identify all persons with knowledge of the relevant facts of this case. As to each person identified, set forth fully and with particularity the substance of his or her knowledge.

2. Identify all persons whose testimony you will or may rely at the time of trial as an expert witness.

3. With regard to those individuals identified in Interrogatory No. 2:

    a. State full details or qualifications of each expert witness listed including, the expert's work history, education, professional expertise, and membership in professional associations;

    b. Set forth the facts and opinions to which each expert witness listed will testify at time of trial and the complete grounds and reasons for each opinion;

    c. Attach hereto a copy of all written reports rendered to you by any expert witness;

    d. If you have received any oral reports from such expert witnesses, identify each expert from whom oral reports were received and state the full details and contents of such oral reports.

4. Identify all persons who have been retained, specially employed, or consulted in anticipation of this litigation or for trial preparation and who are not expected to be called as witnesses at the time of trial.

5. As to each person identified in Interrogatory No. 4:

    a. Set forth the subject matter for which the person was retained, employed or consulted;

    b. Set forth the person's field of expertise;

    c. State in full detail the person's qualifications including, but not limited to, work history, educational background, professional expertise, and membership in professional associations;

    d. Attach true copies of any oral or written reports, conclusions or comments that were prepared by the person which refer or relate to the subject matter of this litigation;

    e. Set forth in detail a description of all oral reports, conclusions or comments that were prepared by the person which refer or relate to the subject matter of this litigation.

7. Do you contend that any admissions regarding the issues of this lawsuit were made by the parties?

8. If the answer to Interrogatory No. 7 is in the affirmative:

   a. Set forth the substance of each such admission;

   b. Identify the person or persons making each such admission;

   c. Identify all persons present when each admission was made;

   d. Set forth the location where and the time when each admission was made;

   e. Set forth whether the admissions were reduced to writing.

9. Do you contend that any declarations against interest were made by persons having knowledge relevant to the subject matter of the pending litigation?

10. If the answer to Interrogatory No. 9 is in the affirmative:

    a. Set forth the substance of each such declaration;

    b. Identify the person or persons making each declaration;

    c. Identify all persons present when each declaration was made; and

    d. Set forth the location where and the time when each declaration was made, and whether the declaration was reduced to writing. Is so, identify same and annex hereto a true and accurate copy.

11. Have you obtained a statement from any person, business or entity or their agents, servants, representatives, or employees that is relevant to the subject matter of this litigation.

12. If the answer to Interrogatory No. 11 is in the affirmative:

    a. Set forth the identity of the person or persons who gave the statement;

    b. Set forth the date when the statement was obtained;

    c. Set forth fully and completely the substance of all oral or recorded statements; and

    d. Set forth whether there are any written reports. If so, identify same and annex hereto a true and accurate copy.

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-000108-21**

**Case Caption:** HIGH POINT PREFERRED  INSURANC  VS HOME DEPOT
**Case Initiation Date:** 01/11/2021
**Attorney Name:** MICHAEL RIEHL
**Firm Name:** MICHAEL RIEHL, INC.
**Address:** 58 WEST MAIN ST FREEHOLD NJ 07728
**Phone:** 7324629700
**Name of Party:** PLAINTIFF : High Point Preferred Insurance
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** OTHER Property Damage
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: High Point Preferred Insurance?** NO

**Are sexual abuse claims alleged by: J. Gordon Milnes?** NO

**Are sexual abuse claims alleged by: Amy Milnes?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>01/11/2021</u>  /s/ MICHAEL RIEHL
Dated  Signed